IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TE'WANNA HODGE,<br><br>**Petitioner,**<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY (DHS), *et al.*,<br><br>**Respondents.** | **Civil No.** 25-1286 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is respondent United States Customs and Border Protection ("CBP")'s motion to dismiss the complaint. (Docket No. 21.) For the following reasons, CBP's motion to dismiss is **GRANTED**.

**I.   Background**

On September 19, 2024, CBP seized a 1968 Beechcraft Baron D55 aircraft at the airport in Ceiba, Puerto Rico. See Docket No. 1 at pp. 1-2. CBP notified petitioner Te'Wanna Hodge ("Hodge") about the seizure after finding that Hodge was the purported owner of the plane. Id. The rationale CBP gave Hodge for the seizure was that the aircraft was being operated while its registration was suspended or revoked. (Docket No. 1-3 at p. 2.) The notice provided Hodge with four options to proceed. First, she could petition CBP for administrative review in accordance with 19 U.S.C.

Civil No. 25-1286 (FAB)                                                         2

§ 1618 and 19 C.F.R. §§ 171.1 and 171.2.  Id. at p. 3.  Second, she could file an offer in compromise to be considered by CBP.  Id. at pp. 3-4.  Third, she could abandon the property.  Id. at p. 4.  Fourth, she could request that the matter be referred to the U.S. Attorney's Office for commencement of a judicial forfeiture proceeding in federal court pursuant to 18 U.S.C. § 983(a)(3).  Id.

Hodge elected to proceed under the first option and, on October 11, 2024, sent a petition to CBP detailing her claims.  See Docket No. 1-4.  On November 6, CBP denied her petition.  (Docket No. 1-5.)  On November 12, Hodge sent a supplemental petition to CBP, which the notice specified was her right in the event her original petition was denied.  See Docket No. 1-6; 19 C.F.R. § 171.61.  On May 27, 2025, after waiting several months without a decision, Hodge filed the complaint in this case.  (Docket No. 1.)  Hodge seeks a court order compelling CBP to rule on her supplemental petition, asserting that she is eligible for this form of relief under both 28 U.S.C. § 1361, authorizing orders of *mandamus*, and section 706(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1) (the "APA").  (Docket No. 1.)  As of the date of this memorandum, CBP has still not ruled on the supplemental petition.

Civil No. 25-1286 (FAB)                                                3

CBP asks the Court to dismiss the complaint. (Docket No. 21). CBP argues, somewhat circularly, that because it has not ruled on Hodge's supplemental petition, her request for a court order is premature. Id. at p. 1. CBP also argues that Hodge could still elect to initiate a judicial forfeiture proceeding before the supplemental decision is issued, which renders her ineligible to request *mandamus* or APA relief. Id. at p. 2. Hodge opposes to CBP's motion to dismiss, arguing that CBP is obligated to respond to the supplemental petition and that the option to pursue judicial forfeiture is not an adequate alternative remedy disqualifying her from *mandamus* or APA relief. See Docket No. 23 at pp. 1-3.

**II. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction. In evaluating a motion to dismiss under Rule 12(b)(1), a court "accept[s] as true the complaint's well-pleaded factual allegations and draw[s] all reasonable inferences in the [petitioner's] favor." Cangrejeros de Santurce Baseball Club, LLC v. Liga de Béisbol Profesional de P.R., Inc., 146 F.4th 1, 11 (1st Cir. 2025). A court must disregard "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements, and consider[s] whether the non-conclusory, non-speculative facts

Civil No. 25-1286 (FAB)                                                    4

support the existence of subject matter jurisdiction." Id. (quoting Lyman v. Baker, 954 F.3d 351, 360 (1st Cir. 2020) (alterations omitted). A court "may consider information attached to or incorporated into the complaint, along with facts subject to judicial notice." Id.

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "Although dismissals under Rules 12(b)(1) and 12(b)(6) are conceptually distinct, the same basic principles apply in both situations." Cangrejeros, 146 F.4th at 11 (quoting Lyman, 954 F.3d at 359) (alterations omitted). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court must decide whether the complaint alleges facts which "raise a right to relief above the speculative level." Id. at 555. In doing so, a court is "obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011).

### III. Discussion

Hodge claims that the Court has jurisdiction pursuant to 28 U.S.C. § 1361, which provides the district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." See Docket No. 1 at p. 2. She also claims federal question jurisdiction pursuant to 28 U.S.C. § 1331 with respect to her APA claim. See id. Section 706(1) of the APA authorizes district courts to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1).

"A writ of mandamus is an extraordinary remedy that is available only when certain conditions are met[.]" Marasco & Nesselbush, LLP v. Collins, 6 F.4th 150, 167 (1st Cir. 2021) (quoting In re Fin. Oversight & Mgmt. Bd. for P.R., 985 F.3d 122, 127 (1st Cir. 2021)). To qualify for *mandamus* relief, Hodge must show that she "has a clear right to the relief sought, has no other adequate remedy, and that there is a clearly defined and peremptory duty on the part of [CBP] to do the act in question." Georges v. Quinn, 853 F.2d 994, 995 (1st Cir. 1988). Similarly, the APA only provides for judicial review of a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; see Harper v. Werfel, 118 F.4th 100, 116 (1st Cir. 2024).

The Court finds that Hodge's requested order compelling CBP to rule on her supplemental petition is unwarranted because she has an adequate alternative remedy, namely, requesting judicial forfeiture proceedings.  Hodge argues that "[f]orcing a claimant into forfeiture litigation to cure agency inaction is not an adequate remedy."  (Docket No. 23 at p. 3.)  She does not, however, provide any basis for concluding that the process of judicial forfeiture is an inadequate alternative remedy.  Authority on this question indicates that the option to pursue judicial forfeiture instead of waiting for an administrative petition to be resolved by CBP is an adequate alternative remedy.  See Dealer Servs. Corp. v. U.S. Immigr. & Customs Enf't, No. SA CV 12-1497 DOC (JPRx), 2013 U.S. Dist. LEXIS 68596, at *6-8 (C.D. Cal. May 13, 2013) (finding that the option to pursue judicial forfeiture was an adequate alternative remedy which defeated petitioner's request for a writ of *mandamus* against the CBP); LKQ Corp. v. Nielsen, 369 F. Supp. 3d 577, 586 (D. Del. 2019) (same, with respect to the APA).  Accordingly, the Court rejects Hodge's argument that judicial forfeiture is not an adequate alternative remedy.

Although not completely clear based on the wording of the notice of seizure, neither party disputes that Hodge still has the

Civil No. 25-1286 (FAB)                                                7

option to initiate judicial forfeiture proceedings.[1]  The notice of seizure states that "[a]t any point prior to the CBP issuing its decision on your petition, you may request a referral to the U.S. Attorney's Office for judicial action."  (Docket No. 1-3 at p. 3.)  The Court reads this as allowing Hodge to request judicial forfeiture prior to CBP's decision on either the initial petition or the supplemental petition.  It would be illogical for a petitioner to have recourse to judicial forfeiture while waiting for the CBP's response to the initial petition, but not while waiting for a response to the supplemental petition. Accordingly, because Hodge still has the option of judicial forfeiture, her request for an order to compel the CBP to respond to her supplemental petition is unwarranted.

**IV. Conclusion**

For the above reasons, the Court does not have subject matter jurisdiction to consider Hodge's request for *mandamus* relief, and she fails to state a claim upon which relief can be granted pursuant to the APA.  Accordingly, CBP's motion to dismiss is **GRANTED**, (Docket No. 21) and this case is **DISMISSED without prejudice**.

---

[1] In its motion to dismiss, CBP states that, "[t]echnically, Petitioner could initiate a judicial proceeding before CBP renders its supplemental decision, under the section of Judicial Action (Box 4) [i.e., the judicial forfeiture option]."  (Docket No. 21 at p. 2.)

Civil No. 25-1286 (FAB)                                                                  8

Judgment shall be entered accordingly.

This case is now closed for statistical purposes.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 23, 2026.

                                                        s/ Francisco A. Besosa
                                                        FRANCISCO A. BESOSA
                                                        SENIOR UNITED STATES DISTRICT JUDGE